IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RALPH LOUIS PLATT, § | | |
|     TDCJ-CID #676188, § | | |
|         Petitioner, § | | |
| § | | |
| v. § | C.A. NO. C-07-103 | |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
|     DIRECTOR, TDCJ-CID, § | | |
|         Respondent. § | | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Proceeding pro se, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254. (D.E. 1). Pending is respondent's motion for summary judgment for failure to state a claim for habeas relief. (D.E. 14). For the reasons stated herein, it is respectfully recommended that respondent's motion be granted.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2254, which provides that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000). At the time of filing this action, petitioner was incarcerated in Beeville, Texas in the McConnell Unit. Therefore, jurisdiction is

proper in this Court.

## II.  BACKGROUND

Petitioner is currently serving concurrent twenty-five year sentences for robbery and delivery of a controlled substance.  (D.E. 14, Ex. A).  He does not complain about the state convictions for which he is currently incarcerated, but instead challenges the punishment assessed him and the procedure followed in disciplinary cause number 20060347478, in which he was accused and found guilty of threatening to inflict harm on Warden Mendoza.  DHR, at 1.[1]  His punishment was assessed as the loss of fifteen days of recreation privileges, the loss of thirty days of commissary privileges, a verbal reprimand, a reduction in line class from S4 to L3, and the loss of 212 days of good time credit.  Id.

Petitioner filed a Step One grievance challenging the outcome of his disciplinary conviction on August 9, 2006.  DGR, at 2.  On September 14, 2006, he received a response, which stated that "[a] preponderance of the credible evidence justifies the finding of guilt and punishment imposed.  No valid reason to warrant overturning this case.  No action taken."  Id.  On September 25, 2006, he filed a Step Two grievance to appeal the outcome of his Step One grievance.  Id. at 4.  On November 29, 2006, he received a response, which stated that his disciplinary case

---

[1] Disciplinary hearing records that have been submitted to the Court will be referred to as "DHR," and disciplinary grievance records that have been submitted to the Court will be referred to as "DGR," with the referenced page number following the designation.

had been reviewed and that his points of appeal were found to be without merit. Id. He then filed this action on February 28, 2007, (D.E. 1, at 9), within the one-year limitations period prescribed by the Antiterrorism and Effective Death Penalty Act of 1996.

### III. PETITIONER'S ALLEGATIONS

Petitioner raises the following claims in his petition for habeas corpus relief:

(1) Petitioner claims that the disciplinary hearing officer and charging officer conspired against him and found him guilty despite conflicting statements by the charging officer, (D.E. 1, at 6-7);

(2) He claims he was denied his right to have a witness at his disciplinary hearing because he was not allowed to have a handwriting expert appear on his behalf, id. at 7; and

(3) He claims he was denied due process when his Step Two grievance was denied and his disciplinary conviction was "arbitrarily" upheld, id. at 8.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Petitioner is seeking habeas corpus relief pursuant to § 2254, and therefore, was required to exhaust all of his claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted). Respondent does not dispute that petitioner has

exhausted the state administrative remedies available to him before filing the instant petition.

## V.  STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases.  <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir. 2000).  Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  <u>Id.</u> at 251-52.  In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion.  <u>Caboni v. Gen. Motors Corp.</u>, 278 F.3d 448, 451 (5th Cir. 2002).

When undertaking a review of the record for summary judgment, the Court may not weigh the evidence, or evaluate the credibility of witnesses.  <u>Id.</u>  Furthermore, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the

affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); see also Cormier v. Pennzoil Exploration & Prod. Co., 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay statements); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions). Unauthenticated and unverified documents do not constitute proper summary judgment evidence. King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." Caboni, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." Anderson, 477 U.S. at

250-51.

The evidence must be evaluated under the summary judgment standard to determine whether the moving party has shown the absence of a genuine issue of material fact.  "[T]he substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Id. at 248.

## VI.  DISCUSSION

**A.    Petitioner Fails to Establish a Protected Liberty Interest in Changes of Confinement.**

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a).  In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court described the limited instances in which prison inmates can make out a claim that a liberty interest has been taken without due process.  It explained that:

> The time has come to return to the due process principles we believe were correctly established and applied in [Wolff v. McDonnell, 418 U.S. 539 (1974)] and [Meachum v. Fano, 427 U.S. 215 (1976)].  Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the

ordinary incidents of prison life.

Id. at 483-84 (internal citations omitted). The Fifth Circuit has noted that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997). It is clear that "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin, 515 U.S. at 478. The focus is on whether the penalties imposed by the state are the type of atypical, significant deprivations which create a liberty interest. Id. at 484.

Here, petitioner is complaining of the loss of fifteen days of recreation privileges, the loss of thirty days of commissary privileges, the loss of 212 days of good time credits, and a change in line class from S4 to L3. DHR, at 1. However, not every state action taken for a punitive reason encroaches upon a liberty interest. Sandin, 515 U.S. at 486. His loss of commissary and recreation privileges is not in line with the atypical, significant deprivations that create a protected liberty interest. Id. at 485-86. Similarly, the Fifth Circuit has determined that a change in his custody status from S4 to L3 does not violate a protected interest because the timing of a prisoner's "release is too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status." Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Thus, it is respectfully recommended

that petitioner's claims regarding the loss of commissary and recreation privileges and change in time-earning status are not cognizable habeas claims.

**B.     Petitioner Fails to Establish a Protected Interest in Lost Good Time Credit.**

Petitioner's claim based on the loss of good time credits raises a cognizable claim for habeas relief.  See Teague v. Quarterman, 482 F.3d 769, 774 (5th Cir. 2007) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 453 (1985)). Good time credit is taken into consideration by officials for parole and mandatory supervision release purposes.  See id.  In Texas, there are two ways that an inmate becomes eligible for early release: parole or mandatory supervision.  Madison, 104 F.3d at 768.  Parole consists of a discretionary and conditional release of an eligible inmate to serve the remainder of his sentence under the supervision and control of the pardons and paroles division.  Id. (citations omitted).  Mandatory supervision is the release of an inmate to serve the remainder of his sentence not on parole, but under the supervision of the pardons and paroles division, after his time served and good time credits earned equals his total sentence.  Id. (citations omitted); Teague, 482 F.3d at 774.

The Fifth Circuit has found that because it is extremely speculative whether an inmate will be released on parole, "there is no constitutional expectancy of parole in Texas."  Madison, 104 F.3d at 768.  Because he has no constitutional expectancy of parole, and thus no protected liberty interest, "he cannot complain of

8

the constitutionality of procedural devices attendant to parole decisions." Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam). Thus, to the extent petitioner claims that his loss of good time credit affects his parole eligibility, it is respectfully recommended that he fails to state a constitutional claim upon which habeas relief can be granted.

Petitioner is only entitled to due process in the context of lost good time credit if he has a liberty interest in mandatory supervision. In Madison, the Fifth Circuit explained a prisoner's right to due process when good time credit is revoked:

> When a state creates a right to good time credit and recognizes that its revocation is an authorized sanction for misconduct, a prisoner's interest therein is embraced within the Fourteenth Amendment "liberty" concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated.

104 F.3d at 768 (citing Wolff, 418 U.S. at 557). The Fifth Circuit has determined that prior to September 1, 1996, the Texas mandatory supervision program created a constitutional expectancy of early release.[2] Malchi, 211 F.3d at 957-58.

---

[2] The Fifth Circuit stated this constitutional expectancy was created by, the now repealed, article 42.18 § 8(c) of the Texas Code of Criminal Procedure which reads "a prisoner who is not on parole shall be released to mandatory supervision by order of a parole panel when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced." See Malchi v. Thaler, 211 F.3d 953, 957 n.4 (5th Cir. 2000) (citing Tex. Code Crim. Proc. art. 42.18(c)). Article 42.18 § 8(c) was amended September 1, 1996, and subsequent to the amendment the whole body of Article 42.18 was repealed effective September

However, petitioner is serving a sentence for a conviction imposed after the amendment of the mandatory supervision statute. The Fifth Circuit has determined that under this post-September 1, 1996 scheme, "mandatory supervision [] is mandatory in large part, but also discretionary in small part." Teague, 482 F.3d at 775 (citing Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, 442 U.S. 1, 13 (1976)).

Regardless of the amount of discretion accorded TDCJ under Texas' post-September 1, 1996 mandatory supervision statutory scheme, petitioner is not eligible for mandatory supervision. The Texas Government Code provides that certain categories of inmates may not be released to mandatory supervision. Tex. Gov't Code § 508.149(a). An offense pursuant to § 29.02 of the Texas Penal Code, which provides that robbery is an offense, is among the felonies that excludes an inmate from eligibility for mandatory supervision. Id. at § 508.149(a)(11). Petitioner was convicted pursuant to § 29.02. (D.E. 14, Ex. A). The Fifth Circuit has determined that an inmate is only entitled to habeas corpus relief if he has been deprived of a constitutional right. Orellana, 65 F.3d at 31. Because petitioner is not eligible for mandatory supervision, his loss of good time

---

1, 1997. In determining what mandatory supervision statute applies in an offender's case, it is the date of the offense, not sentencing, that controls. See Ex parte Marby, 137 S.W.3d 58, 60 (Tex. Crim. App. 2004) (savings clause included in new statute "reflect[s] clear intention by the Legislature to apply old law to prisoners serving a sentence for an offense committed prior to the September 1, 1996 effective date.").

credit does not effect the date of his release.  See Teague, 482 F.3d at 776; see also Madison, 104 F.3d at 768-69 (holding that when petitioner is not eligible for mandatory supervision, then dismissal of petition is appropriate).

It is respectfully recommended that petitioner has failed to state a claim for habeas corpus relief regarding his loss of 212 days of good time credit.

## VII.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of

the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Here, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a

certificate of appealability as to his claims.

## VIII. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 14), be granted. It is further respectfully recommended that petitioner's habeas claims challenging disciplinary cause number 20060347478 be dismissed with prejudice. Finally, it is also respectfully recommended that he be denied a certificate of appealability.

Respectfully submitted this 5th day of July 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).